OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Robert H. Jackson<br>United States Courthouse<br>2 Niagara Square<br>Buffalo, New York 14202<br>Phone: 716-551-1700<br>Fax: 716-551-1705 | **MARY C. LOEWENGUTH**<br>CLERK OF COURT<br><br>**PATRICK J. HEALY**<br>CHIEF DEPUTY CLERK | Kenneth B. Keating<br>Federal Building<br>100 State Street, Rm 6070<br>Rochester, New York 14614<br>Phone: 585-613-4000<br>Fax: 585-613-4035 |

November 8, 2021

Timothy Patrick Lyster
Woods Oviatt Gilman LLP
1900 Bausch & Lomb Place
Rochester, NY 14604

John K. McAndrew
Woods Oviatt Gilman LLP
700 Crossroads Building
Two State Street
Rochester, NY 14614

David S. Stern
Elliott, Stern & Calabrese, LLP
One East Main Street
Rochester, NY 14614

    In re: Encore Property Management of Western New York, LLC v. Wells Fargo Bank, NA. (Case No.: 6:18-cv-06173)

Dear Sirs:

  I have been advised by Judge Charles J. Siragusa who presided over the above-referenced action, that it has been brought to his attention that during the time the case was assigned to him, he or his spouse owned stock in Wells Fargo & Co. This stock ownership would have required recusal under the Code of Conduct for United States Judges. Although the stock ownership neither affected nor impacted any decisions he made, Judge Siragusa has directed that I notify the parties of this conflict.

  Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

November 8, 2021
Page 2

      Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

      With Advisory Opinion 71 in mind, you are invited to respond to Judge Siragusa's disclosure of a conflict in this case. Should you wish to respond, please submit your response directly to me on or before November 29, 2021. Any response will be considered by another judge of this court without the participation of Judge Siragusa.

      Very truly yours,

Mary C. Loewenguth
Clerk of Court